IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**STEPHEN L. GRIFFIN**,

    **Plaintiff,**

v.                                      Case No. 3:12-cv-03561

**UNITED STATES OF AMERICA**
**VETERANS ADMINISTRATION,**

    **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Plaintiff, Stephen Griffin ("Griffin"), filed a *pro se* Complaint against the United States of America Veterans Administration, alleging that the Department of Veterans Affairs wrongfully denied him benefits based upon a mistaken belief that he was a fugitive felon. (ECF No. 2). Currently pending before the Court are Defendant's Motion to Dismiss the United States Veterans Administration as a Defendant and to Substitute the United States of America as the Sole Defendant. (ECF No. 9); and Defendant's Motion to Dismiss the Civil Action. (ECF No. 11). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant's motions, and **DISMISS** Plaintiff's complaint in its entirety, without prejudice, for lack of subject matter

jurisdiction.

## I. Background Information

Griffin, a veteran of the armed forces, states that he was "incorrectly listed as a fugitive felon in the spring of 2005 after being awarded 30% disability" from the Department of Veterans Affairs (the "VA"). (ECF No. 2 at 1). Due to this designation, the VA denied Griffin benefits pursuant to 38 U.S.C. § 5313B (Prohibition on providing certain benefits with respect to persons who are fugitive felons). (*Id.* at 2, 4).

Griffin alleges that after his benefits were discontinued in 2005, he "called the VA Administration numerous times to find out why [he] was being denied healthcare" without ever reaching anyone to answer his questions or return his calls. (*Id.* at 2). Griffin states that he was not able to determine the reason for his denial of coverage until July 2009, when he relocated to Huntington, WV and received assistance from a "Homeless Veterans Outreach Representative" at the VA's Homeless Veterans Resource Center. (*Id.*). The representative discovered that Griffin was designated as a fugitive felon based upon an outstanding warrant out of Dekalb County, Georgia. (*Id.*). Griffin alleges that the underlying charge relating to the warrant was for a shoplifting misdemeanor, rather than a felony, and that his designation as a fugitive felon was therefore improper. (*Id.*). Ultimately, Griffin contacted the Dekalb County Court and a "judge recalled the warrant and closed the case in the interest of justice." (ECF No. 2 at 4).

In 2011, Griffin filed an administrative claim under the Federal Tort Claims Act ("FTCA"), which the VA denied after investigation of his claim. (ECF No. 2-1 at 1). On February 24, 2012, the VA denied Griffin's claim again on reconsideration. (*Id.*). On July 23, 2013, Claimant filed the instant civil action. (ECF No. 2).

- 2 -

## II. <u>Summary of Claim</u>

Griffin argues that the VA grossly mishandled his case, particularly in light of the procedures outlined in the Veterans Health Administration Handbook on the Fugitive Felon Program. (*Id.* at 4).[1] Because of the VA's mishandling, Griffin was improperly designated a fugitive felon and denied healthcare for nearly four years until the mistake was rectified. (*Id.* at 1). As a result, Griffin alleges that his underlying medical ailments were exacerbated and he now suffers from "chronic hypertension, chronic panic attack disorder, and a worsening foot condition." (*Id.* at 1). He therefore seeks compensation under the FTCA in the amount of $50,000 per each year that he was denied healthcare. (*Id.*).

## III. <u>Motion to Substitute Defendant</u>

The Federal Tort Claims Act, 28 U.S.C. §§ 28 U.S.C. §§ 1346(b) and 2671-80, provides a limited waiver of sovereign immunity, which renders the United States "liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976); 28 U.S.C. § 2674. The FTCA is the exclusive money damages remedy for non-constitutional torts by federal employees acting within the scope of their federal employment. 28 U.S.C. § 2679. However, the proper defendant in an FTCA claim is the United States, and not its agencies. *See* 28 U.S.C. §§ 2674, 2679(a); *Bailey v. Veterans Admin.*, 1987 WL 38917, at *1 (4th Cir. 1987) ("[T]he VA, as an agency of the federal government, is not the equivalent of the United States under 28 U.S.C. § 1346(b) and may not be sued in its own name."); *See also Allen v. United States*

---

[1] VHA Handbook 1000.02, Veterans Health Administration Fugitive Felon Program is available at http://www.va.gov/vhapublications/ViewPublication.asp?pub_ID=2494.

*Dep't of Veterans Affairs*, 2011 WL 256439, at *1 n.1 (D. Md. Jan 26, 2011) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475-76, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994)).

Here, Griffin lists the United States of America as the sole defendant in the body of his complaint, but names the United States Veterans Administration as the defendant in the caption portion of his pleading. (ECF No. 2). To the extent that Griffin intended to name the Department of Veterans Affairs as a defendant, the agency should be dismissed from this civil action and substituted with the United States of America as the sole defendant in accordance with the FTCA.

### IV.     Motion to Dismiss Due to Lack of Subject Matter Jurisdiction

Defendant seeks dismissal of the complaint on the ground that the Court lacks subject matter jurisdiction over Griffin's claim because the Veterans' Judicial Review Act ("VJRA"), 38 U.S.C. § 511, Pub. L. No. 100-687, 102 Stat. 4105 (1988), bars review by federal district courts of decisions relating to veteran benefits. (ECF No. 12 at 5). The VJRA "creates a comprehensive remedial scheme for all questions of law and fact relating to benefit determinations." *Rogers v. Burke*, 2009 WL 8750064, at *3 (E.D.N.C. Nov. 3, 2009). Under 38 U.S.C. § 511(a):

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

This provision serves the dual primary purposes of insulating the courts from expensive and time-consuming veteran benefits litigation, as well as ensuring that veteran benefits are adequately and uniformly made. *Johnson v. Robison*, 415 U.S. 361, 370, 94 S.Ct.

1160, 39 L.Ed.2d 389 (1974) (construing the statutory predecessor to § 511).[2] Accordingly, "§ 511 (like its predecessor, § 211) precludes direct judicial review of individual benefits claims." *Webb v. Veteran Affairs Med. Ctr.- Salisbury*, 2008 WL 4981328 (M.D.N.C. Nov. 19, 2008) (citing *Robinson*, 415 U.S. at 367; *see also Muldrow v. United States Army*, 2012 WL 6761422, at *7 n.3 (D.S.C. Dec. 12, 2012). Instead, veterans must appeal the determination of benefits to the Board of Veterans' Appeals, whose decision is only reviewable by the Court of Appeals for Veterans' Claims, and after that, the United States Court of Appeals for the Federal Circuit. 38 U.S.C. §§ 511(b)(4), 7251-52, 7266, 7292. Thus, were Griffin directly challenging his right to veterans benefits, the Court would clearly be unable to review the VA's determination of his fugitive felon status. *See Carney v. Dep't of Veterans Affairs*, 2012 WL 2681414 (D. Md. Jul. 5, 2012); *Johnston v. Fugitive Felon Comm. Dep't of Veterans Affairs*, 2010 WL 3927597, at *2 (E.D. Mo. Oct. 5, 2010); *Aikens v. United States Dep't of Veterans Affairs*, 2010 WL 625369, at *2 (E.D. Tenn. Feb. 17, 2010); *see also Allen v. Shinseki*, 2012 WL 6111835, at *5 (D. Md. Dec. 7, 2012) (holding that the VA's collateral decision to deem plaintiff incompetent and to appoint and supervise fiduciaries was unreviewable under § 511).

The present case is somewhat distinguishable in that, here, Griffin attempts to raise a tort claim, arguing that the VA acted culpably in designating him a fugitive felon and denying healthcare to him, and that as a result he suffered several serious health complications, for which he seeks monetary compensation. However, resolution of

---

[2] Prior to the enactment of the VJRA, 38 U.S.C. § 211(a) mandated that "the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by any action in the nature of mandamus or otherwise." 38 U.S.C. § 211(a) (1972) (quoted in *Sager v. Johnson*, 342 F.Supp. 351, 351 (D. Md. 1972).

Griffin's tort claim would necessarily require the Court to review the VA's designation of Griffin as a fugitive felon. The Fourth Circuit has held that "the 'questions' of law and fact to be given conclusive effect under § 511(a), and to be subject to no further review by a court, are . . . those which would affect the provision of the benefits awarded by the VA." *Butler v. United States*, 702 F.3d 749, 752 (4th Cir. 2012). Under 38 U.S.C. § 5313B, a veteran may not receive benefits during any period in which he is considered a fugitive felon, as defined by the statute. *Id.* § 5313B(a),(b). The VA's determination that Griffin was a fugitive felon was therefore "necessary" to its decision "under a law that affects the provision of benefits," namely 38 U.S.C. § 5313B. As such, Griffin's tort claim is not reviewable by this Court. *See Allen*, 2012 WL 6111835, at *4 n.18 (dismissing challenge to VA's collateral decision deeming plaintiff mentally incompetent as it was made "under a law that affects the provision of benefits to veterans"); *Judkins v. Veterans Admin.*, 415 F.Supp.2d 613 (E.D.N.C. Nov. 28, 2005) (same).

This conclusion is consistent with decisions by a number of courts, which have similarly dismissed FTCA and other tort claims based upon the VA's allegedly wrongful denial of benefits. *See Price v. United States*, 228 F.3d 420, 422 (D.C. Cir. 2000) (district court may not entertain claims that intrude on the VA's exclusive jurisdiction); *Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996); *Hicks v. Small*, 69 F.3d 967, 970 (9th Cir. 1995) (dismissing plaintiff's state tort claims); *Menendez v. United States*, 67 F.Supp.2d 42, 47 (D.P.R. 1999); *Quarles v. United States*, 731 F.Supp. 428, 431 (D. Kan. 1990) (construing § 211(a)); *Olson v. United States,* 2012 WL 5411542, at *5 (N.D. Ind. Nov. 6, 2012) (the statutory review process for veteran benefits applies to all claims disputing benefit decisions "regardless of the label or form of the claim."); *King v. United States*, --F.Supp.2d--, 2012 WL 4510047, at *3-4 (S.D. Miss. Sept. 28, 2012);

*Jones v. United States,* 2012 WL 3095544, at *5 (E.D. Mo. July 30, 2012); *Kumnick v. United States,* 2007 WL 4614771, at *2-3 (M.D. Fla. Dec. 31, 2007); *Dambach v. United States,* 211 Fed. Appx. 105, 108-09 (3d Cir. 2006); *see also Liebers v. St. Albans Med. Ctr.*, 7 Fed. Appx. 24, 26 (2d Cir. 2001) (dismissing under § 511 plaintiff's FTCA claim that VA hospital provided negligent medical care).

Therefore, the undersigned **FINDS** that the Court lacks subject matter jurisdiction over the claims alleged in Griffin's complaint.

### V.     Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding United States District Judge accept and adopt the findings herein and **RECOMMENDS** that Defendant's Motion to Substitute Defendant and Motion to Dismiss the Complaint be **GRANTED** (ECF Nos. 9 and 11), and Plaintiff's Complaint (ECF No. 2) be **DISMISSED, without prejudice,** for lack of subject matter jurisdiction.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Federal Rules of Civil Procedure 6(d) and 72(b), the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall

- 8 -

constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, Defendant, and any counsel of record.

**FILED:** February 25, 2013.

_____
Cheryl A. Eifert
United States Magistrate Judge